**In the Matter of the Complaint of THREE BUOYS HOUSEBOAT VACATIONS U.S.A., LTD., etc.**

No. 88–141A(1).

United States District Court, E.D. Missouri, E.D.

Aug. 12, 1988.

Joseph Murphy, St. Louis, Mo., James Sutterfield, New Orleans, La., for plaintiff.

James Hullverson, Sandor Korein, St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that plaintiff's motion to amend judgment be and is denied.

By its motion to amend judgment pursuant to Fed.R.Civ.P. 59(e), plaintiff seeks restoration of the injunction issued by the Court on January 26, 1988 pending plaintiff's appeal of the Court's June 27, 1988 judgment which dissolved the injunction and dismissed plaintiff's complaint. The injunction enjoined prosecution of any claims against plaintiff arising out of the collision between plaintiff's vessel and the KANTAFORDIT houseboat other than the present proceeding.

Under Fed.R.Civ.P. 62(c), the Court may, in its discretion, restore an injunction dissolved by a final judgment during the pendency of an appeal. The party moving for an injunction pending appeal has the burden of establishing:

(1) a strong showing that he is likely to succeed on the merits of the appeal;

(2) a showing that, unless a stay is granted, he will suffer irreparable injury;

(3) a showing that no substantial harm will come to other interested parties; and

(4) a showing that a stay will do no harm to the public interest.

*Reserve Mining Co. v. United States,* 498 F.2d 1073, 1076–77 (8th Cir.1974), *cited with approval in, Liddell v. State of Missouri,* 717 F.2d 1180, 1182 (8th Cir.1983).

Plaintiff has failed to meet the requirements for an injunction pending appeal. First, plaintiff has made no attempt to show that it is likely to succeed on appeal other than baldly asserting that it has a meritorius appeal. Second, plaintiff has failed to demonstrate that it will suffer irreparable harm if the injunction pending appeal is not granted. Plaintiff argues that it may be deprived effectively of its right to appeal the Court's judgment and denied the protections of the Limitation of Liability Act because state actions against plaintiff may proceed and become final prior to the Court of Appeals' decision in this matter. It is highly improbable that the state actions will proceed to trial before the United States Court of Appeals has issued its decision. Moreover, a continuation of the stay would harm the claimants' interests by interfering with the ongoing discovery process. The Court believes that the parties should be permitted to continue with discovery in state court. In the unlikely event that the state actions are set for trial prior to adjudication of plaintiff's appeal, plaintiff may file a motion for restoration of the injunction in the Court of Appeals pursuant to Fed.R.App.P. 8(a) to avoid the possibility of conflicting state and federal court judgments.

Accordingly, for the foregoing reasons, the plaintiffs motion to amend is denied.